DICKINSON, Presiding Justice,
Dissenting:
¶ 28. The majority’s claim that we employ a de novo standard of review is misleading. While we review de novo the grant or denial of a motion to dismiss, the real issue before this Court is whether Kimball Glassco and Richardson waived their Mississippi Tort Claims Act (MTCA) defenses, and we review waiver issues under an abuse-of-discretion standard.[6]
¶ 29. Kimball Glassco and Richardson raised their MTCA defenses on May 12, 2008, but waited thirteen months to set them for hearing. The trial judge held the defenses were waived.[7] Because the majority holds that the trial judge abused his discretion, I must dissent.
¶ 30. The majority’s sole basis for reversing the trial judge is some alleged correspondence from defense counsel to counsel for the plaintiff. I find it ironic that, in making his ruling, the trial judge referred to correspondence not found in the record; and the majority now relies on that same correspondence to reverse him, even though the trial judge had the opportunity to read the correspondence, and the majority didn’t. Because this alleged cor *951 respondence is not in the record, I find it highly improper for us even to consider it.
¶ 31. But even if the correspondence was in the record in exactly the same form as recited within the trial judge’s order, I would still hold the trial judge did not abuse his discretion in holding the defenses were waived. My reasons are these:
(1) The June 27, 2008, letter neither mentioned nor requested a hearing on the defenses;
(2) For seven months following the June 27 letter, defense counsel did nothing whatsoever to advance the defenses.
(3) In correspondence to the plaintiffs counsel dated January 13, 2009, the defendants still did not request a hearing date for the defense.
(4) On April 6, 2009, the plaintiff served discovery on the defendants, including interrogatories, requests for production of documents, and requests for admission.
(5) On May 14 and May 22, 2009, the defendants served discovery responses on Shanks, thereby participating in the litigation. Still, no notice of a hearing on their affirmative defenses.
(6) It was not until April 8, 2009 — eleven months after the defenses were asserted — that counsel for the defendants first provided available hearing dates to plaintiffs counsel.
(7) Then, the defendants waited another two months to set the matter for hearing.
¶ 32. The question is not whether the justices on this Court think these facts amount to a waiver; the question is whether the trial judge — having found a waiver — abused his discretion. I do not believe the record before us justifies a finding that he did. I would affirm the trial judge’s holding that the defendants waived their MTCA defenses. Because the majority holds otherwise, I respectfully dissent.

. See MS Credit Ctr., Inc, v. Horton, 926 So.2d 167, 181 (Miss.2006).

. See id. at 180 (defendant must pursue dis-positive affirmative defense); Estate of Grimes v. Warrington, 982 So.2d 365, 370 (Miss.2008) (defendant must plead dispositive affirmative defense, bring it to court’s attention, and request hearing).